# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: A.S.

No. 16-0977 (Monroe County 15-JA-29)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.S., by counsel John C. Anderson, II, appeals the Circuit Court of Monroe County's September 26, 2017, order terminating her parental rights to A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Richard M. Gunnoe, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that her home was "infested with millions of roaches and fleas" and littered with trash, animal urine, and feces. The petition also alleged that the child, A.S., had lice and insect bites/sores all over her body. The petition further alleged that petitioner had a previous DHHR intervention for similar deplorable conditions in her home.

In November of 2015, petitioner waived her right to a preliminary hearing. Petitioner also requested that the case be referred for a multidisciplinary team ("MDT") meeting and the circuit court granted her request for an MDT meeting. In December of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations that her home was "unsafe and uninhabitable." Petitioner requested a post-adjudicatory improvement period and the circuit court granted her request. The terms and conditions of petitioner's improvement period required that she find employment and a safe, stable, and clean home for herself and the child.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

At a review hearing on March 7, 2016, the DHHR recommended that petitioner receive a ninety-day extension of her improvement period and the circuit court granted the DHHR's request. At a review hearing in June of 2016, the DHHR recommended that petitioner's case be set for disposition. At a hearing in July of 2016, petitioner moved the circuit court for an "alternative dispositional improvement period" because she recently claimed to have "obtained a job and a residence," which were two of her improvement period goals. The DHHR opposed the motion and argued that petitioner's motion should be denied because the child was removed in October of 2015; petitioner's improvement period was granted in December of 2015, with an extension in March of 2016; and "nearly nine months" had passed without petitioner meeting her improvement period goals. The circuit court denied petitioner's motion and set the matter for disposition.

In August of 2016, the circuit court held a dispositional hearing wherein several witnesses testified. Petitioner's parenting and life skills service provider testified that petitioner was unemployed and homeless. A DHHR worker testified that, despite months of services, petitioner failed to provide a safe and suitable home for herself and the child. She also testified that petitioner was unable to confirm any employment during the improvement period. According to the worker, petitioner advised the MDT that she "worked under the table for individuals," but could not provide a working phone number or a last name for her employers. The service provider testified that petitioner "had been staying with" a boyfriend and that she did, at some point during the proceedings, have a "new place" but the apartment was in a deplorable condition with trash and clothes strewn throughout the home. Petitioner admitted that she had no source of income. Based on the evidence presented, by order dated September 26, 2017, the circuit court noted that petitioner made "very little change for the better in the conditions of the home over the last [ten] months" and found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and terminated her parental rights to the child.[2] It is from that order that petitioner appeals.

The Court has previously established the following standard of review in cases such as these:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[2]The parental rights of both parents to A.S. were terminated below. Additionally, the DHHR states that A.S. was placed in a foster home and the permanency plan is adoption into that home.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's finding that petitioner could not substantially correct the conditions of abuse and neglect in the near future.

Petitioner's sole argument on appeal is that the circuit court erred in finding that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future. Petitioner contends that there was evidence presented that she was in compliance with the terms and conditions of her improvement period. We disagree. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

Based upon the ample evidence outlined above, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. According to the circuit court, petitioner made "very little change for the better in the conditions of the home over the last [ten] months." The circuit court was presented with evidence that, despite several months of services, petitioner failed to provide a safe and suitable home for the child or secure employment. Petitioner admitted that she had no source of income and failed to confirm that she was actually employed. The circuit court further found that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 26, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker